UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Craig Ninja Antonio Brewton, | ) | C/A No. 7:25-cv-10435-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Brady Branson, III, Marcus L. White, Sheriff | ) | |
| Chuck Wright, Spartanburg County Sheriff Office, | ) | |
| City of Spartanburg, Spartanburg County, State | ) | |
| of South Carolina, Spartanburg County Detention | ) | |
| Center, Judge Mark Hayes, II, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is incarcerated at the Spartanburg County Detention Center as a pretrial detainee. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the district court.

This matter is before the Court for a review of the Complaint. For the reasons below, certain Defendants named in this action are subject to summary dismissal. Plaintiff's claims against Defendants Brady Branson, III ("Branson") and Marcus L. White ("White") are sufficient to survive initial review, and an Order authorizing service is filed concurrently with this Report and Recommendation.

## BACKGROUND

Plaintiff commenced this action on August 4, 2025,[1] by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that, on October 18, 2023, Defendant White pulled up beside Plaintiff at a gas station with the intent to harass or arrest Plaintiff. *Id.* at 6. Plaintiff "pulled off to avoid contact or harassment." *Id.* White followed Plaintiff and turned on his lights. *Id.* at 6–7. Plaintiff pulled over, only two minutes or less from the store, at his grandmother's house, so he could have a witness. *Id.* at 7. Defendant Branson got out of the car and, while Plaintiff was trying to talk, sucker punched Plaintiff and grabbed him by the neck collar. *Id.* Branson and White slammed Plaintiff to the ground. *Id.* Plaintiff alleges he was "leg swepped [sic] and slammed to the ground," after which both officers got on top of him, touched him, and searched him "improperly never finding drugs." *Id.* at 5. Plaintiff was never told why he was getting assaulted. *Id.* Plaintiff contends he was not aggressive or trying to run. *Id.* The officers arrested Plaintiff, "taking a chance to ruff [Plaintiff] up and take out their aggression on [his] broken body." *Id.*

For his injuries, Plaintiff contends that handcuffs were placed on him "ver[y] tight" and "causing great pain." *Id.* at 7. Plaintiff contends he was leg "swepped [sic]" to the ground causing injuries to his hips and hurt his back. *Id.* Plaintiff contends he was taken to the doctor and received "pills" and a shot in his "hip/butt for the pain." *Id.* For his relief, Plaintiff seeks money damages. *Id.*

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The Court observes that the envelope containing the Complaint bears a time-stamp of August 4, 2025, by the prison mailroom. ECF No. 1-2 at 1.

## STANDARD OF REVIEW

**Review of Prisoner/*Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim

cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

**Claims under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983).  To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

4

**Excessive Force**

It is well-established that the use of excessive force violates the constitutional prohibition against cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In an excessive force case, a claimant must allege facts showing that the officer applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see Wilkins v. Gaddy*, 559 U.S. 34 (2010). Also, "[a] plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights." *Davis v. Boome*, C/A No. 1:14-cv-00422-TLW, 2015 WL 1538318, at *4 (D.S.C. Apr. 6, 2015) (summarily dismissing claim alleging excessive use of force by unidentified officers).

## DISCUSSION

**Defendants Entitled to Dismissal**

Several Defendants are entitled to dismissal from this action because Plaintiff has failed to allege facts to state a claim against them, they are not considered "persons" under 42 U.S.C. § 1983, or they are either immune from suit.

### *Sheriff Chuck Wright*

Chuck Wright ("Wright") is the former sheriff of Spartanburg County. Wright is entitled to dismissal in his individual capacity because Plaintiff's cursory allegations against him are insufficient to establish a plausible claim for relief. Plaintiff merely lists Wright in the caption of the Complaint and fails to present any specific allegations of any wrongdoing against him. Plaintiff's "general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim" against Wright. *Tracey v. Nelson*, C/A No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *R&R adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). As such, Wright is entitled to summary

dismissal.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Cir. Ct. of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

Plaintiff may be attempting to assert claims against Wright for his supervisory role over the Spartanburg County Sheriff's Office.  Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983).  A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted).

Plaintiff has failed to state a § 1983 claim against any Wright based on a theory of supervisory liability.  Plaintiff's cursory allegations fail to establish the necessary elements of the test noted above.  *See, e.g.*, *Pratt-Miller v. Arthur*, 701 F. App'x 191, 193 (4th Cir. 2017).  Significantly, Plaintiff has not identified any specific custom or policy at issue implemented by Wright that violates the constitution.  *See Madison v. Shell*, C/A No. 7:22-cv-3549-TMC-JDA,

2022 WL 17156885, at *3 (D.S.C. Nov. 3, 2022) (noting "Plaintiff fails to identify any governmental policy or custom of the [Defendant] that caused [Plaintiff's] constitutional rights to be violated" and dismissing supervisory liability claim), *R&R adopted by* 2022 WL 17128451 (D.S.C. Nov. 22, 2022). Accordingly, Plaintiff has failed to allege facts to state a claim against Wright for supervisory liability.

### *Spartanburg County Sheriff's Office*

"The Spartanburg County Sheriff's Office cannot be sued under § 1983 because it is not a person." *Strickland v. Spartanburg Cnty. Sheriff's Off.*, C/A No. 6:17-cv-3263-MGL-KFM, 2018 WL 1801200, at *2 (D.S.C. Mar. 29, 2018), *R&R adopted by* 2018 WL 1795351 (D.S.C. Apr. 16, 2018). It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-cv-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons); *Green v. Murdaugh*, C/A No. 5:12-cv-1086-RMG-KDW, 2012 WL 1987764, *2 (D.S.C. May 07, 2012), *adopted by* 2012 WL 1987259 (D.S.C. June 04, 2012) (dismissing because police department was not subject to suit under § 1983). Therefore, the Spartanburg County Sheriff's Office is subject to dismissal from this action because the plaintiff fails to state a § 1983 claim against it.

### *City of Spartanburg*

The City of Spartanburg is subject to dismissal. Liberally construed, the Complaint appears to be asserting a municipal liability claim against the City of Spartanburg. However, Plaintiff has not identified any employee of the City of Spartanburg involved in the events giving rise to his claims. As such, the City of Spartanburg is subject to dismissal. *See Brewton v. Wright*, C/A No. 0:25-cv-1073-RMG, 2025 WL 1232495, at *2 (D.S.C. Apr. 29, 2025) (finding the City of Spartanburg was entitled to summary dismissal "because Plaintiff's complaint fails to identify any City employee involved in the incidents that give rise to his claims"); *Boyd v. City of Spartanburg*, C/A No. 7:24-cv-00711-BHH-KFM, 2024 WL 2848896, at *5 (D.S.C. Apr. 12, 2024) (dismissing City of Spartanburg in a case presenting similar allegations), *R&R adopted by* 2024 WL 2763919 (D.S.C. May 29, 2024). Moreover, "[t]he Spartanburg County Detention Center is administered by, and under the control of, the Spartanburg County Sheriff's Office," and not the City of Spartanburg. *Woodruff v. Spartanburg City Police Dep't*, C/A No. 7:18-cv-1920-BHH-JDA, 2018 WL 4017683, at *4 (D.S.C. July 30, 2018), *R&R adopted by* 2018 WL 4005828 (D.S.C. Aug. 22, 2018). The individual officers identified in the Complaint all appear to be employed by the Spartanburg County Sheriff's Office. ECF No. 1 at 2–3. For these reasons, the City of Spartanburg is entitled to summary dismissal from this action.

### *Spartanburg County*

Spartanburg County is also entitled to summary dismissal. Although Spartanburg County is not an individual, it can be sued under § 1983 for violation of a federal right pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978) (finding local governments are "persons" for purposes of § 1983 liability). Municipal liability is based on the execution of a governmental policy or custom and a local government may not be held liable under § 1983 based

on a *respondeat superior* theory.  *Monell*, 436 U.S. at 690–91.  The fact that a municipality employs an individual, and that individual violated a plaintiff's constitutional right, is alone insufficient to establish liability for the municipality.  *Id.* at 691.  Instead, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury.  *Bd. of Cnty. Commissioners v. Brown,* 520 U.S. 397, 403 (1997).  The Complaint fails to identify a policy or custom of Spartanburg County which caused his federal rights to be violated, and he therefore fails to state a claim for municipal liability.  *Wambach v. Wright*, C/A No. 1:10-cv-2912-HFF-SVH, 2011 WL 1597660, at *4 (D.S.C. Feb. 7, 2011), *R&R adopted by* 2011 WL 1595171 (D.S.C. Apr. 27, 2011).

Plaintiff has not alleged facts establishing an official policy or custom, nor has he alleged facts showing any official policy or custom resulted in the deprivation of his constitutional rights. The claims in the Complaint are premised on excessive use of force.  Plaintiff has not alleged facts showing that any of the County's policies led to the use of force.  *Sage v. Spartanburg Cnty. Det. Ctr.*, C/A No. 8:23-cv-00317-TMC-JDA, 2023 WL 3794202, at *3 (D.S.C. Mar. 29, 2023) ("A municipality is responsible only when the execution of its policy or custom—made by its lawmakers or individuals whose acts 'may fairly be said to represent official policy'—inflicts injury."), *R&R adopted by* 2023 WL 3791110 (D.S.C. June 2, 2023).

Finally, Spartanburg County "is not responsible for, and has no control over, the operation of the [Spartanburg County Detention Center].  Rather, it is the Sheriff of Spartanburg County who operates and runs the Detention Center."  *Martinez v. Spartanburg Cnty. Det. Ctr.*, C/A No. 9:23-cv-01989-TMC-MHC, 2023 WL 6850242, at *3 (D.S.C. Sept. 12, 2023), *R&R adopted by* 2023 WL 6846807 (D.S.C. Oct. 17, 2023); *see also Cobb v. South Carolina*, C/A No. 13-cv-2370, 2014 WL 4220423, at * 2, 7 (D.S.C. Aug. 25, 2014) (finding that because Berkeley County had no

control over the operations or policy of the Berkeley County Detention Center, it cannot be held liable for events that take place there).

For these reasons, Plaintiff's allegations fail to establish a claim against Spartanburg County and it is therefore entitled to dismissal from this action. *Boyd v. Spartanburg Cnty.*, C/A No. 7:23-cv-02478-BHH-JDA, 2023 WL 4602110, at *4 (D.S.C. June 27, 2023) (dismissing Spartanburg County and finding "[w]hen the alleged constitutional deprivation is not an official act of a municipality, relief under § 1983 must be sought against the officer in his individual capacity" and not against the municipality), *R&R adopted by* 2023 WL 4601019 (D.S.C. July 18, 2023).

### State of South Carolina

It is well-settled that the State of South Carolina is entitled to Eleventh Amendment immunity and is not a "person" within the meaning of § 1983. *See Arnold v. South Carolina*, No. C/A 9:10-cv-0188-MBS, 2010 WL 1727908, at *1 (D.S.C. Apr. 27, 2010); *Hunt v. South Carolina*, C/A No. 8:18-cv-2241-TMC-JDA, 2018 WL 7150756, at *3 (D.S.C. Sept. 18, 2018) (explaining the State of South Carolina has not consented to suit in federal court and is therefore entitled to Eleventh Amendment immunity), *R&R adopted by* 2019 WL 401412 (D.S.C. Jan. 31, 2019). The State of South Carolina is entitled to dismissal from this action.

### Spartanburg County Detention Center

"Plaintiff's claims against Spartanburg County Detention Center are subject to summary dismissal as this Defendant is not a person amenable to suit under 42 U.S.C. § 1983." *Rodgers v. Spartanburg Cnty. Det. Ctr.*, C/A No. 5:23-cv-161-SAL-KDW, 2023 WL 6542256, at *2 (D.S.C. Mar. 17, 2023), *R&R adopted by* 2023 WL 6541315 (D.S.C. Oct. 6, 2023). "The Spartanburg County Detention Center is a group of buildings or a facility. Inanimate objects—such as

10

buildings, facilities, and grounds—do not act under color of state law. Hence, the Spartanburg County Detention Center is not a 'person' subject to suit under 42 U.S.C. § 1983." *Segraves v. Spartanburg Cnty. Det. Ctr.*, C/A No. 3:08-cv-3855-HFF-JRM, 2009 WL 87434, at *2 (D.S.C. Jan. 9, 2009). Therefore, the Spartanburg County Detention Center is entitled to dismissal from this action.

### Judge Mark Hayes, II

Judge Mark Hayes, II ("Judge Hayes") is a South Carolina Circuit Court Judge. Judge Hayes is immune from suit and, therefore, entitled to dismissal. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Murphy v. Ross*, C/A No. 3:14-cv-870, 2015 WL 1787351, at *2 (E.D. Va. Apr. 15, 2015) ("It is beyond dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction." (collecting cases)). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). Because Judge Hayes is entitled to absolute immunity, he is subject to dismissal. *Jackson v. Hayes*, C/A No. 4:20-cv-1441-SAL-KDW, 2020 WL 4550482, at *2 (D.S.C. July 7, 2020) (finding claims against a judge related to setting of bond were subject to dismissal based on judicial immunity), *R&R adopted by* 2020 WL 4548412 (D.S.C. Aug. 6, 2020).

**Remaining Defendants**

Plaintiff's Complaint contains sufficient allegations to state a claim for relief as to the remaining Defendants—Branson and White—to survive initial review. An Order authorizing service as to those Defendants will be issued.

## **RECOMMENDATION**

Based on the foregoing, it is **RECOMMENDED** that the district court **DISMISS** the following Defendants from this action: Sheriff Chuck Wright, Spartanburg County Sheriff's Office, City of Spartanburg, Spartanburg County, State of South Carolina, Spartanburg County Detention Center, and Judge Hayes. The action remains pending against Defendants Branson and White.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

September 17, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).