## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

Craig Ninja Antonio Brewton,

         Plaintiff,

    v.

Brady Branson, III, Marcus L. White,
Sheriff Chuck Wright, Spartanburg County
Sheriff Office, City of Spartanburg,
Spartanburg County, State of South
Carolina, Spartanburg County Detention
Center, Judge Mark Hayes, II,

         Defendants.

Case No. 7:25-cv-10435-RMG

**ORDER & OPINION**

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 12), recommending this Court summarily dismiss the following Defendants from this action: Sheriff Wright, Spartanburg County Sheriff's Office, the City of Spartanburg, Spartanburg County, the State of South Carolina, Spartanburg County Detention Center, and Judge Hayes. For the following reasons, the Court adopts the R & R as the Order of the Court and dismisses the aforementioned Defendants from this matter.

## I. Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action under 42 U.S.C. § 1983 on August 4, 2025. Plaintiff alleges that on October 18, 2023, Defendant White approached Plaintiff at a gas station with the intent to harass or arrest Plaintiff. (Dkt. No. 1 at 6). Plaintiff alleges he drove away and White pulled Plaintiff over. Plaintiff alleges Defendant Branson got out of his car and "sucker punched" Plaintiff. (*Id.*) Plaintiff also alleges that Defendants Branson and White slammed him to the ground and searched him. (*Id.* at 5). Plaintiff asserts that for his injuries

1

he was taken to a doctor and received "pills" and a shot in "his/butt for the pain." (*Id.* at 7). For his relief, Plaintiff seeks money damages. Plaintiff filed an objection to the R & R. (Dkt. No. 19).

## II.    Legal Standard

### A.  Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

The Magistrate Judge correctly determined that several Defendants are entitled to dismissal from this action because Plaintiff either has not alleged facts sufficient to state a claim, Defendants are not considered persons under 42 U.S.C. § 1983, or Defendants are immune from suit. The Magistrate Judge recommended the following claims be summarily dismissed, to which the Plaintiff objects:

1.  Defendant Sheriff Chuck Wright: The Magistrate Judge correctly concluded that Defendant Wright is entitled to dismissal because the factual allegations in the

complaint fail to set forth a plausible claim against him individually or on the basis of supervisory liability.

2. <u>Defendant Spartanburg County Sheriff's Office</u>: The Magistrate Judge correctly concluded that the Sheriff's office is entitled to dismissal because Plaintiff has failed to state a claim against it. Only persons may act under color of state law for purposes of 42 U.S.C § 1983. Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 Fed.Appx. 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983).

3. <u>Defendant City of Spartanburg</u>: The Magistrate Judge correctly concluded that the City of Spartanburg is entitled to dismissal because Plaintiff's complaint fails to identify any City employee involved in the incidents that give rise to his claims. *See Brewton v. Wright*, C/A No. 0:25-cv-1073-RMG, 2025 WL 1232495, at *2 (D.S.C. Apr. 29, 2025) (summarily dismissing the City of Spartanburg "because Plaintiff's complaint fails to identify any City employee involved in the incidents that give rise to his claims").

4. <u>Defendant Spartanburg County</u>: The Magistrate Judge correctly concluded that Spartanburg County is entitled to dismissal because Plaintiff has not plausibly alleged any custom or practice of the County which relates to his claims of deliberate indifference or excessive force. The claims in the Complaint are premised on excessive use of force; however, Plaintiff has not alleged facts showing that any of the County's policies led to the use of force. Therefore, Plaintiff has failed to establish a claim against the County and it is entitled to dismissal.

3

5. <u>Defendant State of South Carolina</u>: The Magistrate Judge correctly concluded that the State of South Carolina is entitled to dismissal from this action. It is well established that the State of South Carolina is entitled to Eleventh Amendment immunity and is not a "person" within the meaning of 42 U.S.C. § 1983.

6. <u>Defendant Spartanburg County Detention Center</u>: The Magistrate Judge correctly concluded that the Spartanburg County Detention Center is entitled to dismissal because it is not a "person" subject to suit under 42 U.S.C. § 1983. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). Therefore, the Spartanburg County Detention Center is entitled to dismissal.

7. <u>Defendant Judge Mark Hayes II</u>: Judge Hayes, a South Carolina Circuit Court Judge, is entitled to dismissal because he has immunity for claims arising out of their judicial actions. The Magistrate Judge correctly concluded that Judge Hayes is entitled to absolute immunity and therefore subject to dismissal. *See Mireless v. Waco*, 502 U.S. 9 (1991) (state judges are immune from liability for acts committed while presiding over their court).

Plaintiff's objections fail to address the deficiencies in Plaintiff's claims against Defendants and largely reassert the allegations found in his complaint. (Dkt. No. 19). The Court overrules Plaintiff's objections.

**IV.    Conclusion**

Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 12) as the order of the Court and **SUMMARILY DISMISSES** Plaintiff's claims against Defendants Wright,

4

Spartanburg County Sheriff's Office, the City of Spartanburg, Spartanburg County, the State of South Carolina, Spartanburg County Detention Center, and Judge Hayes. The claims against Defendants Branson and White are unaffected by this order.

**AND IT IS SO ORDERED.**

 s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 14, 2025
Charleston, South Carolina