UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Craig Ninja Antonio Brewton, | ) | C/A No. 7:25-cv-10435-RMG-WSB |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Brady Branson, III, Marcus L. White, | ) | |
| Defendants. | ) | |

Pending before the Court in this case are Defendants' Motion to Dismiss (ECF No. 21) and Plaintiff's Motion to Dismiss the Indictment (ECF No. 30). Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights against the above-named Defendants.[1] Plaintiff is a pretrial detainee and is currently incarcerated at the Spartanburg County Detention Center ("SCDC"). ECF No. 1 at 2, 4. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and make recommendations to the district court. For the reasons below, Defendants' Motion should be granted in part and denied in part and Plaintiff's Motion should be denied.

---

[1] Plaintiff's Complaint named the following Defendants: Brady Branson, III ("Branson"), Marcus L. White ("White"), Sheriff Chuck Wright ("Wright"), Spartanburg County Sheriff's Office (the "Sheriff's Office"), the City of Spartanburg ("Spartanburg"), Spartanburg County, the State of South Carolina (the "State"), the Spartanburg County Detention Center ("SCDC") and Judge Mark Hayes, II ("Hayes"). ECF No. 1. By Order dated October 14, 2025, Wright, the Sheriff's Office, Spartanburg, Spartanburg County, the State, SCDC, and Hayes were all dismissed from this action. ECF No. 26 (adopted the Report and Recommendation at ECF No. 12).

1

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff attached to his Complaint a handwritten document containing additional allegations.  ECF No. 1-1.  The Court construes both documents together as the Complaint filed in this action.

By Order dated September 17, 2025, the Court authorized service of process on Defendants Branson and White.  ECF No. 13.  The remaining Defendants were recommended for summary dismissal in a Report and Recommendation dated September 17, 2025.  ECF No. 12.  On October 14, 2025, the Honorable Richard M. Gergel adopted the Report and dismissed Plaintiff's claims against Defendants Wright, the Sheriff's Office, Spartanburg, Spartanburg County, the State, SCDC, and Hayes.  ECF No. 26.

On October 13, 2025, Defendants Branson and White filed a Motion to Dismiss and an Answer to the Complaint.  ECF Nos. 21; 22.  On October 14, 2025, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (a "*Roseboro* Order"), advising Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately.  ECF No. 24.  On October 27, 2025, Plaintiff filed a Response in Opposition to the Motion to Dismiss.  ECF No. 28.  On November 3, 2025, Defendants filed a Reply.  ECF No. 29.

On November 3, 2025, Plaintiff filed a Motion to Dismiss the Indictment.  ECF No. 30. On November 17, 2025, Defendants filed a Response in Opposition.  ECF No. 34.

**Factual Allegations**[2]

Plaintiff alleges that, on October 18, 2023, Defendant White pulled up beside Plaintiff at a gas station with the intent to harass or arrest Plaintiff. *Id.* at 6. Plaintiff "pulled off to avoid contact or harassment." *Id.* White followed Plaintiff and turned on his lights. *Id.* at 6–7. Plaintiff pulled over, only two minutes or less from the store, at his grandmother's house, so he could have a witness. *Id.* at 7. Defendant Branson got out of the car and, while Plaintiff was trying to talk, sucker punched Plaintiff and grabbed him by the neck collar. *Id.* Branson and White slammed Plaintiff to the ground. *Id.* Plaintiff alleges he was "leg swepped [sic] and slammed to the ground," after which both officers got on top of him, touched him, and searched him "improperly never finding drugs." *Id.* at 5. Plaintiff was never told why he was getting assaulted. *Id.* Plaintiff contends he was not aggressive or trying to run. *Id.* The officers arrested Plaintiff, "taking a chance to ruff [Plaintiff] up and take out their aggression on [his] broken body." *Id.*

For his injuries, Plaintiff contends that handcuffs were placed on him "ver[y] tight" and "causing great pain." *Id.* at 7. Plaintiff contends he was leg "swepped [sic]" to the ground causing injuries to his hips and hurt his back. *Id.* Plaintiff contends he was taken to the doctor and received "pills" and a shot in his "hip/butt for the pain." *Id.* For his relief, Plaintiff seeks money damages. *Id.*

## STANDARD OF REVIEW

**Liberal Construction of *Pro Se* Pleadings**

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v.*

---

[2] The Court does not include Plaintiff's allegations against the Defendants who have been dismissed from this action.

*Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not

4

excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely

5

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

**Claims under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color

6

of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

## DISCUSSION

**Defendants' Motion to Dismiss**

Defendants assert two grounds in support of the Motion to Dismiss. ECF No. 21-1 at 2. First, Defendants argue that they are protected by Eleventh Amendment immunity for actions taken in their official capacities. *Id*. at 2–3. Second, Defendants argue that they are not persons for purposes of 42 U.S.C. § 1983 for the claims asserted against them in their official capacities. *Id*. at 3–4. Based on these grounds, Defendants ask that the Court dismiss Plaintiff's claims against them in their official capacities. *Id*. at 4.

Both of Defendants' grounds for dismissal—that Defendants are entitled to Eleventh Amendment immunity and are not "persons" subject to suit under § 1983—are premised on Defendants' contention that Plaintiff cannot establish a claim against Defendants in their official capacities. Defendants do not, however, address Plaintiff's claims against them in their individual capacities.

Plaintiff's claims against the individual Defendants in their official capacities should be dismissed. *See Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is not different from a suit against the State itself . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." (citations omitted)); *see also Bowers v. Rector & Visitors of Univ. of VA*, C/A No. 3:06-cv-00041, 2007 WL 853815, at *6 (W.D. Va. Mar. 16, 2007). However, Plaintiff's claims against Defendants in their individual capacities should

proceed. *See Hafer v. Melo*, 502 U.S. 21, 26-27 (1991) (reiterating the holding in *Will* with respect to officials sued in their official capacities, but holding that "state officials, sued in their *individual* capacities, are 'persons' within the meaning of § 1983." (emphasis added)).  As such, dismissal of Plaintiff's official capacity claims against Defendants does not end the case because the claims in their individual capacities remain.

Plaintiff's Complaint makes allegations against Branson and White in their individual capacities.  Defendants fail to show that Plaintiff's claims against Branson and White in their individual capacities are insufficient to state a claim for relief.  *Ballinger v. Adams*, C/A No. 2:08-cv-01024, 2010 WL 145858, at *4 (S.D.W. Va. Jan. 8, 2010).  Accordingly, to the extent that Defendants' Motion to Dismiss is seeking dismissal of Plaintiff's individual capacity claims against them, the Motion should be denied.

**Plaintiff's Motion to Dismiss the Indictment**

Plaintiff has filed a Motion to Dismiss the Indictment.  ECF No. 30.  Plaintiff asserts his Motion is seeking "to dismiss the indictment for the case (7:25-cv-10435-RMG-WSB) for violating my rights [and] causing me injuries numerous times." *Id*.  Plaintiff contends the probable cause tickets/citations have been dismissed and his rights have been violated. *Id*.  Plaintiff asserts that Judge Hayes has engaged in bad faith and conspiracy by telling Plaintiff's lawyer not to represent him. *Id*.  Plaintiff contends he has been denied his Sixth Amendment right, his right to a speedy trial, and his right to assistance of counsel. *Id*.  Plaintiff asserts that he needs to be released and to get a neck brace and medical care. *Id*.

Plaintiff's Motion should be denied.  First, Plaintiff's assertions involve claims and individuals that are not part of this action.  The Court cannot award the relief sought in the Motion as to claims and parties that are not involved in this action.

Second, Plaintiff's requested relief—dismissal of "indictments"—is not proper in this action under § 1983. Absent extraordinary circumstances, a federal court must abstain from exercising federal jurisdiction when doing so would interfere with a pending state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 44 (1971) (holding that a federal court must abstain from enjoining a state criminal proceeding); *see Samuels v. Mackell,* 401 U.S. 66 (1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution). *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn,* 874 F.2d 209, 212 (4th Cir. 1989). It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist,* 444 F.3d 237, 241 (4th Cir. 2006). Pursuant to the *Younger* abstention doctrine, a district court is required to abstain from interfering in state proceedings, even if jurisdiction exists, when there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests; and (3) provides the plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432–34 (1982); *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 165 (4th Cir. 2008). If the elements are satisfied, a district court must abstain from interfering unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex,* 457 U.S. at 435. Each of these factors is satisfied, and the Court should therefore abstain from interfering with Plaintiff's pending state court criminal proceedings.

To the extent that Plaintiff seeks to be released from incarceration, such relief is not available in a civil rights action under § 1983. *See Reid v. Bentley*, C/A No. 7:24-cv-00382, 2025 WL 28663, at *1 (W.D. Va. Jan. 3, 2025). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Finally, to the extent Plaintiff is seeking injunctive relief, the Motion should be denied. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. In *Winter*, the Supreme Court "made clear that *each* of these four factors must be satisfied to obtain preliminary injunctive relief" and that it is "unnecessary to address all four factors when one or more ha[s] not been satisfied." *Henderson v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (citing *Winter*, 555 U.S. at 20, 23). Plaintiff has failed to satisfy any of the *Winter* factors. For all these reasons, Plaintiff's Motion should be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 21) be **GRANTED in part** and **DENIED in part**. The Court should **DISMISS** Plaintiff's official capacity claims against Branson and White. However, Plaintiff's individual capacity claims against Branson and White should be permitted to proceed.

Further, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss the Indictment (ECF No. 30) be **DENIED**.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>United States Magistrate Judge

November 20, 2025
Greenville, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).