**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| Craig Ninja Antonio Brewton, | Case No. 7:25-cv-10435-RMG |
| Plaintiff, | |
| v. | **ORDER & OPINION** |
| Brady Branson, III, Marcus L. White, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that (1) Defendants' motion to dismiss (Dkt. No. 21) be granted regarding all claims asserted against Defendants in their official capacities and denied regarding all claims against Defendants asserted in their individual capacities; and (2) that Plaintiff's motion to dismiss the indictment (Dkt. No. 30) be denied. (Dkt. No. 36). For the following reasons, the Court adopts the R & R as the Order of the Court and grants in-part Defendants' motion to dismiss as it relates to claims against them in their official capacities and denies Plaintiff's motion to dismiss the indictment.

## I.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead

1

must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

## II. Discussion

### A. Defendants' Motion to Dismiss

The magistrate judge correctly determined that while Defendants are entitled to dismissal for claims made against them in their official capacities, they are not for claims made against them in their individual capacities.

Although state officials "literally are persons," "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). As the Defendants' offices are not "person[s]" subject to suit under § 1983, Defendants are entitled to Eleventh Amendment immunity.

However, Plaintiff's claims against Defendants in their individual capacities should proceed. *See Hafer v. Melo*, 502 U.S. 21, 26-27 (1991) (reiterating the holding in *Will* with respect to officials sued in their official capacities, but holding that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983." In their motion, Defendants did not address Plaintiff's claims against them in their individual capacities.

Accordingly, claims against Defendants in their official capacities are dismissed while claims against Defendants in their individual capacities are not.

### B. Plaintiff's Motion to Dismiss the Indictment

The magistrate judge correctly determined that Plaintiff's motion to dismiss the indictment should be denied. (Dkt. No. 30). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Court should abstain from interfering with pending state court proceedings when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)

As the Magistrate Judge correctly determined, the abstention doctrine of *Younger v. Harris* prohibits interference with state criminal proceedings except in the most extraordinary circumstances.  The Court agrees with the Magistrate Judge that all three criteria for abstention under *Younger* are met. Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to *Younger* abstention and necessitate federal intervention. *Gilliam v. Foster*, 75 F.3d 881, 901 (4th Cir.1996); *see also Moore v. DeYoung*, 515 F.2d 437, 446 (3d Cir.1975) ("We are not prepared to hold that…the alleged denial of Moore's right to a speedy trial, constitutes such 'extraordinary circumstances' as to require federal intervention prior to exhaustion of state court remedies.").

Accordingly, Plaintiff's motion to dismiss the indictment is denied.

### III.    Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge is **ADOPTED** as the order of the Court. (Dkt. No. 36). Defendants' motion to dismiss is **GRANTED IN-PART AND DENIED IN-PART**. (Dkt. No. 21). The Court **DISMISSES** Plaintiff's claims against Defendants

3

Branson and White in their official capacities. However, Plaintiff's claims against Defendants Branson and White in their individual capacities are permitted to proceed. Furthermore, Plaintiff's motion to dismiss the indictment is **DENIED**. (Dkt. No. 30).

      **AND IT IS SO ORDERED.**


                                s/ Richard Mark Gergel
                                Richard Mark Gergel
                                United States District Judge

December 15, 2025
Charleston, South Carolina