**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Craig Ninja Antonio Brewton, | Case No. 7:25-cv-10435-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Brady Branson, III and Marcus L. White, | |
| Defendants. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that Plaintiff's motions for summary judgment and to amend the Complaint to add defendants (Dkt. Nos. 46, 47, 61) be denied and Defendants' motion for summary judgment (Dkt. No. 49) be granted.  (Dkt. No. 62). The parties were advised that they had 14 days to file written objections to the R & R and a failure to timely file objections would result in clear error review and waiver of the right to appeal the district court's order. (*Id*. at 29). No party filed objections to the R & R.

## I.     Background

Plaintiff, a pretrial detainee at the Spartanburg County Detention Center acting *pro se*, filed this 42 U.S.C. § 1983 action against Defendants, both Spartanburg County deputy sheriffs, alleging that they used excessive force in facilitating his arrest on October 18, 2023.  Plaintiff specifically alleges that Defendant Branson "sucker punched" him while he was attempting to speak to the deputy, grabbed him by his neck collar, and "slammed him to the ground." (Dkt. No. 1 at 5-7). Plaintiff alleges he suffered injuries from Defendants' alleged use of excessive force. (*Id*. at 7).

The undisputed record presented before the Magistrate Judge, which included the body camera video of both Defendants, establishes that Plaintiff drove away after Defendant White

1

attempted to conduct a traffic stop for a seat belt violation.  Defendant White activated his blue lights and siren and called for assistance, which was provided by Defendant Branson. Both deputies pursued the fleeing Plaintiff.  Plaintiff eventually pulled over and Defendants directed him to remain in the vehicle—commands which Plaintiff ignored.  As he approached Plaintiff's car, Defendant Branson reported smelling marijuana emanating from the vehicle. (Dkt. No. 62 at 10-11).

Based upon the blue light violation, failure to follow the verbal commands of the deputies, and the smell of marijuana, Defendants attempted to place Plaintiff under arrest.  Plaintiff resisted arrest and the deputies eventually found it necessary to force Plaintiff to the ground to effectuate the arrest.  Plaintiff was then placed in handcuffs.  The entire encounter took less than one minute and was filmed on the Defendants' body cameras. (*Id*. at 11-12).

Plaintiff complained of injury from his arrest.  Defendants transported him to the local hospital emergency room.  Diagnostic imaging was conducted at the hospital and revealed no acute injuries.  Plaintiff was then transported to Spartanburg County Detention Center and charged with failing to stop for a blue light and driving with a suspended license.  Two days later, after he again complained of injuries from his arrest, Plaintiff was taken to the local hospital and underwent a series of x-rays, none which showed any injuries. (*Id*. at 12-13).

Plaintiff filed this action on August 11, 2025, alleging excess force claims against Defendants.  All parties subsequently filed motions for summary judgment.  (Dkt. Nos. 46, 47, 49).  After discovery was completed, Plaintiff moved to add a number of additional defendants. (Dkt. No. 61).  The Magistrate Judge, in a 29-page R & R, found that the amount of force used by Defendants to effectuate Plaintiff's arrest while he was actively resisting was reasonable and necessary under the circumstances. (Dkt. No. 62 at 13-20).  The Magistrate Judge further found

that because there was no constitutional violation, Defendants were entitled to qualified immunity. (*Id.* at 20). Additionally, the Magistrate Judge found that, to the extent Plaintiff's civil action was an attempt to impact his pending state criminal charges, such an action was barred by the *Younger* Abstention Doctrine.[1] (*Id*. at 20-22).

The Magistrate Judge carefully analyzed Plaintiff's two summary judgment motions and found that they were without merit. (*Id*. at 22-23). The Magistrate Judge also recommended the denial of Plaintiff's motion to amend, finding that the motion was untimely (filed after the close of discovery), futile, and prejudicial to Defendants. (*Id*. at 24-27). As previously mentioned, Plaintiff filed no objections to the R & R.

## II.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

3

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.    Discussion

After a careful review of the R & R of the Magistrate Judge and the full record in this matter, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this case and correctly concluded that Defendants' motion for summary judgment should be granted and Plaintiff's motions for summary judgment and to amend the Complaint should be denied.

## IV.    Conclusion

For the foregoing reasons, the R&R is **ADOPTED** as the Order of the Court (Dkt. No. 62). Defendants' motion for summary judgment is **GRANTED** (Dkt. No. 49) and Plaintiff's motions for summary judgment (Dkt. Nos. 46, 47) and to amend the Complaint (Dkt. No. 61) are **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 2, 2026
Charleston, South Carolina

4