## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Ninja Antonio Brewton, | Case No. 7:25-cv-10435-RMG |
| Plaintiff, | |
| v. | **AMENDED ORDER** |
| Brady Branson, III and Marcus L. White, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge, (Dkt. No. 62), recommending that Plaintiff's motions for summary judgment and to amend the Complaint to add defendants (Dkt. Nos. 46, 47, 61) be denied and Defendants' motion for summary judgment (Dkt. No. 49) be granted. Objections to the R & R were due on or before March 27, 2026.   No timely objections to the R & R were submitted.  The Court entered an order on April 2, 2026, adopting the R & R of the Magistrate Judge, granting Defendants summary judgment, and denying Plaintiff's various motions. (Dkt. No. 69).

Plaintiff has moved before the Court to reconsider its prior decision and to address his late filed objections to the R & R, asserting that he experienced difficulty in timely receiving his mail at the Detention Center. (Dkt. Nos. 77, 83). Plaintiff submitted objections to the R & R dated April 29, 2026 (which were received by the Court on May 6, 2026). (Dkt. No. 83).  Recognizing that Plaintiff is acting pro se, the Court vacates its earlier order ruling on the R & R, (Dkt. No. 69), and issues this Amended Order after considering Plaintiff's objections de novo.

1

## I.     Background

Plaintiff, a pretrial detainee at the Spartanburg County Detention Center acting *pro se*, filed this 42 U.S.C. § 1983 action against Defendants, both Spartanburg County deputy sheriffs, alleging that they used excessive force in facilitating his arrest on October 18, 2023.  Plaintiff specifically alleges that Defendant Branson "sucker punched" him while he was attempting to speak to the deputy, grabbed him by his neck collar, and "slammed him to the ground." (Dkt. No. 1 at 5-7). Plaintiff alleges he suffered serious injuries from Defendants' alleged use of excessive force. (*Id.* at 7).

The undisputed record presented before the Magistrate Judge, which included the body camera video of both Defendants, establishes that Plaintiff drove away after Defendant White attempted to conduct a traffic stop for a seat belt violation.  Defendant White activated his blue lights and siren and called for assistance, which Defendant Branson provided. Both deputies pursued the fleeing Plaintiff.  Plaintiff eventually pulled over and Defendants directed him to remain in the vehicle—commands which Plaintiff ignored.  As he approached Plaintiff's car, Defendant Branson reported smelling marijuana emanating from the vehicle. (Dkt. No. 62 at 10-11).

Based upon the blue light violation, failure to follow the verbal commands of the deputies, and the smell of marijuana, Defendants attempted to place Plaintiff under arrest.  Plaintiff resisted arrest and the deputies eventually found it necessary to force Plaintiff to the ground to effectuate the arrest.  Plaintiff was then placed in handcuffs.  The entire encounter took less than one minute and was filmed on the Defendants' body cameras. (*Id*. at 11-12).

Plaintiff complained of injury from his arrest.  Defendants transported him to the local hospital's emergency room.  Diagnostic imaging was conducted at the hospital and revealed no

acute injuries.  Plaintiff was then transported to Spartanburg County Detention Center and charged with failing to stop for a blue light and driving with a suspended license.  Two days later, after he again complained of injuries from his arrest, Plaintiff was taken to the local hospital and underwent a series of x-rays, none which showed any injuries. (*Id*. at 12-13).

Plaintiff filed this action on August 11, 2025, alleging excess force claims against Defendants.  All parties subsequently filed motions for summary judgment.  (Dkt. Nos. 46, 47, 49).  After discovery was completed, Plaintiff moved to add a number of additional defendants. (Dkt. No. 61).  The Magistrate Judge, in a twenty-nine-page R & R, found that the amount of force used by Defendants to effectuate Plaintiff's arrest while he was actively resisting was reasonable and necessary under the circumstances. (Dkt. No. 62 at 13-20).  The Magistrate Judge further found that because there was no constitutional violation, Defendants were entitled to qualified immunity. (*Id.* at 20).  Additionally, the Magistrate Judge found that, to the extent Plaintiff's civil action was an attempt to impact his pending state criminal charges, such an action was barred by the *Younger* Abstention Doctrine. (*Id*. at 20-22) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

The Magistrate Judge carefully analyzed Plaintiff's two summary judgment motions and found that they were without merit. (*Id*. at 22-23).  The Magistrate Judge also recommended the denial of Plaintiff's motion to amend, finding that the motion was untimely (filed after the close of discovery), futile, and prejudicial to Defendants. (*Id*. at 24-27).

Plaintiff filed objections to the R & R, asserting that he suffered "serious physical injuries" from his arrest by Defendants on October 18, 2023. (Dkt. No. 83).  Plaintiff urged the Court to review his medical records which he asserted would demonstrate that he suffered significant injuries from his arrest. (*Id.*).

3

II.     **Legal Standard**

 **A. Magistrate's Report and Recommendation**

 The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

 **B. Pro Se Pleadings**

 This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

III.    **Discussion**

 Plaintiff alleges that Defendants used excessive force in facilitating his arrest and that as a consequence of this alleged excessive force he suffered significant physical injuries. As the Magistrate Judge ably detailed in the R & R, Plaintiff sped away when Defendant White activated

his blue light upon observing a seat belt violation. When Plaintiff finally came to a stop, he yelled at the officers and resisted their efforts to place handcuffs on him. When Plaintiff continued to resist, Defendant White used a leg sweep maneuver to take Plaintiff to the ground to effectuate his arrest. Even after going to the ground, Plaintiff continued to resist until handcuffs were finally secured. The entire episode took less than one minute and was filmed in its entirety on the officers' body cameras. (Dkt. No. 62 at 10-12).

The Magistrate Judge found that the amount of force used by the Defendants to effectuate Plaintiff's arrest was "reasonable under the circumstances" and that there was no evidence on the videos from the officers' body cameras that either officer "sucker punched, choked, kicked, or inappropriately touched Plaintiff," as he has claimed. (*Id.* at 17). The Magistrate Judge further reviewed the hospital records from emergency room visits of Plaintiff on the day of his arrest and two days later when he complained of injuries from his arrest. These records, which the Court has reviewed de novo, contain reports of multiple x-rays and physical examinations of Plaintiff, none of which showed any significant injury. (*Id.* at 18-19); (Dkt. No. 65).

After a careful review of the R & R of the Magistrate Judge and the full record in this matter, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this case and correctly concluded that Defendants' motion for summary judgment should be granted and Plaintiff's motions for summary judgment and to amend the Complaint should be denied. Plaintiff's objections are simply unavailing and are overruled.

Further, Plaintiff recently filed motions for the issuance of subpoenas and to appoint counsel. (Dkt. Nos. 76, 81). These motions are denied as moot.

## IV.     Conclusion

For the foregoing reasons, the Court (1) **GRANTS** Plaintiff's motion to reconsider its prior decision (Dkt. Nos. 77, 83) to allow consideration of the late filed objections; (2) **VACATES** its prior decision in this case (Dkt. No. 69); (3) **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 62) as the Order of the Court; (4) **GRANTS** Defendants' motion for summary judgment (Dkt. No. 49); (5) **DENIES** Plaintiff's motions for summary judgment (Dkt. Nos. 46, 47) and to amend the Complaint (Dkt. No. 61); and (6) **DENIES** Plaintiff's late motions to issue subpoenas and to appoint counsel. (Dkt. Nos. 76, 81).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 7, 2026
Charleston, South Carolina

6